# Singer *versus* the City of Philadelphia.

1. The right of the city of Philadelphia to recover the penalty imposed by the Act of April 21st, 1855, for the violation thereof, does not depend upon the performance by the commissioners of highways of the duty imposed upon them by said Act.

2. The city is clothed with the right of action to recover the penalty imposed by said Act for its violation, and it is no concern of the defendant in an action, whether the suit is brought at the instance of the city solicitor or of the building inspectors.

3. The division of the city into inspection districts, required by the Act of May 7th, 1855, relates to the performance of the duties of the building inspectors; but is not contained in the provisions of the Act of April 21st, 1855. The latter Act includes all buildings within the city, without any reference to inspection districts, and hence the exclusion of the rural portions of the city from the inspection districts, has no application to either the creation or the enforcement of the penalties under the Act of April 21st, 1855.

[Singer *v.* City of Philadelphia.]

March 22nd, 1886.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 4 of *Philadelphia county*: Of July Term, 1884, No. 18.

Debt by the city of Philadelphia, at the instance of James Zimmerman, Joseph M. Hancock and Robert H. Bowers, constituting the board of building inspectors in and for said city, against Severin Singer, to recover the penalty imposed by the Act of April 21st, 1855, P. L., 265, for the violation thereof by the defendant.

The *narr* in the case set forth that the defendant had erected and constructed five new dwelling houses in the city of Philadelphia, on a street of less width than twenty-five feet, and that there was not attached to each of the said dwellings an open space at the side or rear, equal to at least twelve feet square. To this the defendant pleaded "not guilty."

The facts, as they appeared on the trial before ELCOCK, J., are sufficiently shown in the charge of the court and the opinion of the Supreme Court.

The court instructed the jury as follows: The law is that every man must erect his building on a twenty-five feet wide street, and must have at the back or sides an open space of 144 square feet. The buildings were erected in the rear of the lots on Sixteenth street, and the rear of the Philadelphia street houses. There is not sufficient space in front or any yards in the rear or at the side. What has been done since has nothing to do with this case. The penalty was then incurred, and defendant is liable for that penalty, if the houses were not in condition at that time. If he had any understanding with the building inspectors it makes no difference, as they had no authority to do it. The law is imperative, and if the building inspector commits a wrong he has a remedy against him. [Your verdict should be in favor of the plaintiff for the penalty of $100 on each house.]

The defendants in this case have requested me to charge:

1. That the penalties in cases of this kind have been reduced fifty per cent: I do not think this applies to cases of this kind.

2. That cases of this nature do not come under the jurisdiction of the board of building inspectors. This is refused.

3. That if the jury find from the evidence that this property is assessed as rural property, and is in the rural district, then the building inspectors were not authorized to bring this suit. This is refused.

Verdict for the plaintiff for $500 and judgment thereon, whereupon the defendant took this writ, assigning for error *inter alia*, the answer of the court to his points, and that por-

tion of the charge included in brackets, giving the jury binding instructions to find for the plaintiff.

*John H. Fow* and *Edward A. Anderson*, for plaintiff in error:
—We hold:

1. That this suit was improperly brought, and that the action does not lie until notice by the commissioner of highways to the city solicitor, and notice by him to the owner of the property.

2. That the board of building inspectors had no right to bring this action, but that that duty is conferred on the city solicitor alone.

3. That in any case the jurisdiction of the building inspectors does not extend to the rural portions of the city, and that the learned judge erred in refusing to so instruct the jury.

4. That the Act of April 21st, 1855, was not intended to apply to the rural portions of the city.

This being a penal statute it must be strictly construed: Bishop on Statutory Crimes, 196; 1 Harkins' P. C., § 8; Rex *v.* Parker, 2 East P. C., 592; Andrew *v.* U. S., 2 Story, 202, 213; Hyde *v.* Cogan, 2 Doug., 669, 706; Potter's Dwarris on Statutes, 245; Myers *v.* State, 1 Conn., 502.

*William A. Husband*, for defendant in error:—The statute had been violated; it was the duty of the city to enforce it, by suit or otherwise, and this duty was not dependent on the action of the commissioner of highways.

All the facts set up in the *narr* were clearly proven, and indeed, were by him in the most important particulars admitted.

The only objection offered, and indeed, the basis of the present proceeding is that the notice was illegally served. "When the facts averred in the *narr* would not, if admitted," owing to the law of the case, "entitle the plaintiff to judgment, the defendant should demur:" Hobensack *v.* Hallam, 5 Harris, 158.

Mr. Justice GREEN delivered the opinion of the court, April 26th, 1886.

Under the pleadings in this case the only issue raised was one of pure fact, to wit, whether the defendant had violated the provisions of the Act of 21st April, 1855, § 6, P. L., 265; Purd., 1125, pl. 14. It was proved beyond all doubt that the defendant had erected his buildings in violation of the Act in question, that he had been several times spoken to about it by Bowers, one of the building inspectors, and that he had been expressly notified of his default by Whitesides, a deputy inspector. Notwithstanding these notices, the defendant had

not changed or modified his buildings so as to make them conform to the requirements of the law. These being the undoubted facts, the defendant came directly within the penalties of the law, which are imposed simply upon its violation. It is true, the Act provides that the commissioners of highways shall give notice to the city solicitor of all violations of the Act, and that if the buildings are made to conform thereto on notice, without suit, one half the fine shall be abated. But the right of the city to recover the penalty is not made to depend upon the performance of this duty by the commissioners of highways. On the contrary, the right of recovery is expressly given upon the mere violation of the law. While an allegation that the commissioners of highways had not performed their duty of giving notice might possibly raise a question whether they would be liable to the defendant in damages therefor, it does not take away or impair the city's right of action for the penalty. Especially is this the case when the pleadings do not raise any such issue. Nor is it at all material that the city brought this action at the instance of the building inspectors. The city is clothed with the right of action, and has, in fact, brought this suit, and it is no concern of the defendant whether it was done at the instance of the city solicitor or the building inspectors. The Act contains no provision on that subject.

The division of the city into inspection districts, required by the fourth section of the Act of 7th May, 1855, P. L., 464, Purd., 1123, pl. 4, relates to the performance of the duties of the building inspectors, but is not contained in the provisions of the Act of 21st April, 1855. The latter Act includes all buildings within the city, without any reference to inspection districts, and hence the exclusion of the rural portions of the city from the inspection districts, contained in the fourth section of the Act of 7th May, 1855, has no application to either the creation or the enforcement of the penalties under the sixth section of the Act of 21st April, 1855. Those penalties do not depend upon the action or the non-action of the building inspectors, and therefore the question, whether they have been incurred, is not affected by a consideration of the duties of those officers.

Judgment affirmed.